## SOUTHERN EXPRESS, Inc. v. T. S. C. MOTOR FREIGHT LINES, Inc.

No. 13840.

United States Court of Appeals
Fifth Circuit.

Dec. 17, 1952.

O. D. Montgomery, Dallas, Tex., Ralph W. Brite, San Antonio, Tex., for appellant.

Joe H. Eidson, Jr., Fort Worth, Tex., Bond Davis, San Antonio, Tex., for appellee.

Before HOLMES, RUSSELL, and STRUM, Circuit Judges.

STRUM, Circuit Judge.

This is a controversy wholly between an initial carrier and its immediate connecting carrier, as to whether the latter was guilty of negligence which caused, or contributed to causing, the misdelivery of an "order-notify" shipment of merchandise, for the value of which the shipper has secured judgment against the initial carrier pursuant to 49 U.S.C.A. § 20(11). See also 49 U.S.C.A. § 319. Appellee was brought into the suit as a third party defendant on a third party complaint filed by appellant.

The shipment in question, originating in New Braunfels, Texas, was delivered to appellant, Southern Express, for transportation to Monroe, N. C., over the lines of appellant to Houston, T. S. C. Motor Freight Lines to Birmingham, Atlanta-Alabama Motor Lines to Atlanta, and Overnite Trucking Company to Monroe, on a through bill of lading issued by appellant as initial carrier. It is conceded that the shipment was consigned by the shipper to its own order at destination, with directions to notify a third party of arrival, to be delivered only on surrender of the original bill of lading. The terminal carrier delivered the shipment to the "notify" party without surrender of the bill of lading, and the shipment was thus lost to the rightful owner thereof. Appellant asserts that appellee's negligence in issuing its way bill to the next connecting carrier caused, or contributed to causing, the misdelivery. The trial court held the connecting carrier free from negligence, and the initial carrier appeals.

The way bill prepared by appellant as initial carrier and delivered to T. S. C. Motor Lines with the shipment shows the shipper to be "Pioneer Worsted Company, New Braunfels, Texas," and the consignee "Pioneer Worsted Company, notify Cordene Worsted Mills, Inc., Attn. Mr. French Campbell, Monroe, N. C." On the face of this way bill was typewritten "(Deliver Only Upon Surrender Of Orig. Bill Of Lading Properly Endorsed)." The parenthesized admonition just quoted was omitted from the way bill prepared by ap-

pellee T. S. C. Motor Lines and delivered to its next connecting carrier, and from the way bill issued by the latter to the delivering carrier. The names of the consignor, consignee, and the person to be notified, however, were carried on all way bills, including the way bill issued to the delivering carrier, as quoted above. Appellant contends that the omission by appellee of the parenthesized admonition above quoted caused its omission from succeeding way bills, which in turn led to the misdelivery of the shipment, and that such omission constituted negligence on the part of T. S. C. Motor Lines, for which it is liable to appellant under 49 U. S.C.A. § 20(12).

As a connecting carrier, appellee is liable only for its own negligence. Although it omitted the cautionary notation that the shipment was to be delivered only upon surrender of the original bill of lading, its way bill nevertheless disclosed on its face the distinguishing characteristics of an "order-notify" shipment, namely, that the shipment was consigned by the shipper to itself at the point of destination, and that the third party to be notified of arrival was not the consignee, and therefore not entitled to delivery without the bill of lading properly endorsed. North Pennsylvania R. R. Co. v. Commercial Nat'l Bank, 123 U.S. 727, 8 S.Ct. 266, 31 L.Ed. 287. This information was thus given by appellee to its next connecting carrier, and was in turn carried forward on the way bill on which the shipment was delivered to the terminal carrier, Overnite Trucking Company. Had the latter followed the instructions appearing on the way bill on which it received the shipment, there would have been no misdelivery. Appellee is not chargeable with the failure of Overnite to obey these instructions. As the information actually carried on appellee's way bill was sufficient to inform succeeding carriers that the shipment was "order-notify," the additional cautionary notation above mentioned, even if desirable, was not essential. Its omission was therefore not negligence.

Affirmed.